## DUNHAM and DIMON *against* PETTEE and MANN.

### *Sale of goods ; conditions precedent.*

ACTION for not accepting and paying for iron, in pursuance of a contract of purchase. The plaintiffs alleged that they were ready to deliver, and offered and tendered the iron to the defendants within the time specified in the contract, but that defendants were not willing to receive and pay for the same.

The defendants, by answer, denied the plaintiff's allegations, and stated that they were ready to receive the iron and pay for it according to the contract, and demanded the same of the plaintiffs, but they were not ready and able to deliver the same, and refused to do so. The contract was as follows: "Sold to Messrs. Pettee & Mann, for account of Messrs. Dunham & Dimon, 155 tons (or thereabout) of English bar iron, as per specification of the same, now in public store in this city, at fifty dollars per ton, as per custom-house weigher's return, equal to six months' credit; but payment for said iron is to be made as follows: 750 dollars to be paid now, and the balance is to be paid within sixty days from this date, and discount is to be made on the bill at the rate of seven per cent. per annum, reckoning from the date of the average payment of the bill until the end of the six months above named. The sellers are to hold a policy of insurance on the iron until the whole amount is paid; and the buyers are to pay the insurance, and all storage expenses from and after this date. It is understood that the iron is to be paid for on delivery (within the 60 days aforesaid), and should the full amount not be paid within the 60 days aforesaid, Messrs. Dunham & Dimon will be at liberty to sell the iron to other parties for account of Messrs. Pettee & Mann.

"NATHAN CASWELL, *Broker.*
"New York, 12th March, 1849."

The $750 was paid on the execution of the contract. The judge charged the jury that the principal question for them to decide was: "Have the defendants, on their part, during the sixty days, demanded the iron, and, in readiness to pay on their part, offered to pay the money on delivery?" The plaintiffs recovered.

*Held,* that the above charge was erroneous. That the obligations of the parties were mutual and dependent;

and to entitle the sellers to recover the price, they must show not only that the purchasers failed to pay, but that they were ready and offered to deliver the iron. The judgment was reversed, and a new trial ordered.

(S. C., 4 E. D. Sm. 500; 1 Daly, 112; 8 N. Y. 508.)